IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------X

| | | |
|---|---|---|
| **Nueva Seas AS,** | : | Case No.: 1:20-cv-03495 |
| **Cort Adelers Gate 16 0254** | : | |
| **Oslo Norway** | : | |
| | : | |
| *Plaintiff,* | : | |
| v. | : | In Admiralty |
| | : | |
| **USD 179,092, held by Truist Bank,** | : | |
| *in rem,* | : | |
| **1369 Connecticut Ave NW** | : | |
| **Washington, D.C. 20036;** | : | |
| | : | |
| **XYZ Corporation; and** | : | |
| | : | |
| **John Does 1 -100,** | : | |
| | : | |
| *Defendants.* | : | |

---------------------------------------------------X

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff Nueva Seas AS (hereinafter "Plaintiff" or "Nueva"), by and through undersigned counsel, and hereby files this Verified Complaint and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. This action is within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case is brought under the provisions of Rule B and Rule D of the Supplemental Rules of Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules").

2. Venue is proper in accordance with provisions of the Supplemental Rules as Plaintiff seeks to arrest and attach tangible property located in this judicial district pursuant to Rule B and Rule D.

## THE PARTIES

3. At all times material hereto, Plaintiff Nueva Seas AS, was and still is a foreign business organized under the laws of Norway.

4. Defendant *in rem*, consists of the following property: USD 179,092, (the "Subject Funds") located in an account held by Truist Bank, 1369 Connecticut Ave NW, Washington, D.C. 20036 (hereinafter "Truist").

5. Defendant XYZ Corporation, fraudulently doing business as and impersonating "JBS S.A./Seara Alimentos," is upon information and belief, a fraudulent company with an unknown principal place of business which is not located within the District and does not have an agent for service of process.

6. Defendants John Does 1-100, fraudulently doing business as and fraudulently alleging to be an employee of "JBS S.A./Seara Alimentos," is upon information and belief, not located within the District, does not reside within the District, and does not have an agent for service of process.

## FACTS

7. On or about September 9, 2020, Nueva entered into a sales contract through brokers with individual(s) holding themselves out to be the corporate representatives of JBS S.A./Seara Alimentos, also known as JSB Seara (hereinafter "JBS").

8. Nueva sought to purchase Grade A Frozen Chicken Paws and Grade A Frozen Chicken Mid Joint Wings for a contract price of USD 178,200, plus USD 892 for extra

insurance, to be shipped on board the M/V MAERSK LEON from Itajai, Brazil to Nansha New Port China.  *A copy of the purported Sales Contract is attached hereto as Exhibit 1*.

9. Unknown to Plaintiff at the time, the "Sales Contract" was at all material times a fake and fraudulent document which was drafted and issued not by JBS, but by individual(s) falsely impersonating JBS with the intention to defraud Plaintiff.

10. Pursuant to the terms of the sales contract, Nueva was required to make a 10% advance deposit "pro forma" and once all requested documentation was confirmed by JBS, Nueva would transfer the remaining balance.

11. On October 13, 2020 Nueva transferred ten percent (10%), *i.e.*, USD 17,820, of the contract price to the bank account which was identified as JBS's bank account at Truist in accordance with the terms of the sales contract. *A copy of the Payment Confirmation is attached hereto as Exhibit 2*.

12. On or about October 19, 2020, the person (or persons) impersonating JBS issued six (6) alleged bills of lading to "confirm" that 1350 cartons per container of Grade A Frozen Chicken Paws and Grade A Frozen Chicken Mid Joint Wings (hereinafter the "cargo") were shipped on board the M/V MAERSK LEON. *Copies of the Bills of Lading are attached hereto as Exhibit 3*.

13. The Bills of Lading were issued on standard Hamburg Sud form Bill of Lading which included the standard terms and conditions.

14. The Bills of Lading were at all relevant times fraudulently prepared and issued by the Defendant(s) and not by Hamburg Sud.  The goal of the false bills of lading was to fraudulently cause, induce, or accomplish the transfer of the remainder of the purchase price by Nueva to the Truist bank account.

15. Plaintiff was informed that the cargo was shipped on the vessel and that the vessel departed on October 17, 2020. Plaintiff was informed and understood that the trans-shipment would arrive at the Port of Shanghai on November 27, 2020 and at the cargo's final destination on December 10, 2020.

16. "JBS" issued an invoice on October 20, 2020 to Nueva requesting the remaining sales contract price in the amount of USD 160,380. *A copy of the invoice is attached hereto as Exhibit 4*.

17. On October 21, 2020, Nueva transferred the remaining contract price of USD 161,272.00, including USD 892 for extra insurance, to the bank account at Truist. *A copy of the Payment Confirmation is attached hereto as Exhibit 5*.

18. The MAERSK LEON is a real vessel and the transshipment route also appears to be legitimate. However, the cargo purportedly purchased was not onboard the vessel, the bills of lading were fraudulent, and the real JBS had no record of the purported sales contract. Nueva did not discover that the alleged cargo did not exist until after Nueva made the three (3) wire transfers to the Truist bank account.

19. Bills of lading are commercial contracts of carriage critical to the accomplishment of maritime activity and commerce. These negotiable instruments are regularly relied upon by parties around the world to efficiently ship goods and cargo from one port to another. For a party to engage in the fraudulent creation and misrepresentation of the bills of lading undermines the entire structure of the international shipping industry and good faith dealings required in order to safely ship cargo on commercial ships the world over.

20. Upon information and belief, an unknown entity and/or individual made fraudulent misrepresentations to Nueva in order for Nueva enter into a contract for carriage of

4

cargo by perpetrating a deceptive and illegal scheme to induce Nueva to make multiple wire transfers to a bank account for products and cargo that did not exist.

21.     This ruse gives rise to a maritime claim for, *inter alia*, fraud and intentional interference with a maritime contract.

22.     Nueva has incurred damages in the amount of USD 179,092 as a result of the fraudulent scheme to defraud Nueva.

## RULE B ATTACHMENT AND ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

23.     Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

24.     Defendant XYZ Corporation, upon information and belief, is a fraudulent company with an unknown principal place of business and is not present or cannot be found in the District within the meaning of Supplemental Rule B.  *Attached hereto is a copy of the Attorney Declaration of George M. Chalos as Exhibit 6*.

25.     Defendants John Does 1-100, upon information and belief, fraudulently pretended to be an employee of the real JBS to induce Plaintiff to contract for cargo which did not exist, and is not present or cannot be found in the District within the meaning of Supplemental Rule B. *Id*.

26.     Notwithstanding the above, Defendants have located within the District certain tangible or intangible personal property which was fraudulently obtained and stolen from Plaintiff which is currently in the hands of a party who may be named garnishee, Truist, located at 1369 Connecticut Ave NW, Washington, D.C. 20036, in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to amounts

owed, due or to become due, accounts, checks, payments held or which may be receivable by said garnishee on behalf of the Defendants.

27. As set forth in Exhibit 2 and Exhibit 5, prior payments by Plaintiff to Defendants have been made to Truist Bank to an account(s) located within the District.[1]

28. Accordingly, Plaintiff seeks an order of attachment seizing any and all property belonging to the Defendants up to the amount of **USD 179,092**.

### RULE D PETITION FOR POSSESSION OF THE SUBJECT FUNDS

29. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

30. As Plaintiff was fraudulently induced to make two (2) wire payments to a fraudulent account, Plaintiff has a lawful right to claim title and ownership over the freight totaling USD 179,092.00 currently being held by Truist.

31. Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that "actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions maintainable with respect to the possession of cargo or other maritime property . . . shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties." Fed. R. Civ. P. Supp. Rule D.

32. The payment for the cargo of Grade A Frozen Chicken Paws and Grade A Frozen Chicken Mid Joint Wings against what were believed to be valid maritime contracts of carriage *(i.e.*, the bills of lading*)*, is maritime property consistent with the meaning of Rule D.

---

[1] Consistent with the Federal and Local Rules, the financial institution bank account number information is redacted on the publicly filed cm/ECF exhibit. Should the Court wish to review an unredacted copy for *in camera* review, Plaintiff would be pleased to provide a copy of same.

33. Pursuant to Rule D, Plaintiff Nueva is entitled to a warrant for the arrest of the **USD 179,092.00** that is the subject matter of this lawsuit and located within this District.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Nueva prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendants cannot be found within this District, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendants have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendants in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendants fail to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendants in the sum of **USD 179,092.00** and the proceeds of the assets attached be applied in satisfaction thereof;

D. For an order directing Truist Bank to hold the Subject Funds until the conclusion of this action or until Ordered by this Honorable Court;

E. That a Warrant of Arrest in due form of law and according to the practice of this Honorable Court in cases of admiralty or maritime jurisdiction may issue herein against the

Defendants, **179,092.00**, held by Truist Bank, pursuant to Supplemental Rule D, and all persons claiming an interest therein may be cited to appear and answer the matter aforesaid;

      F.      For an order issuing that Plaintiff is entitled to possession of the Subject Funds;

      G.      For judgment in favor of Plaintiff and enter an order confirming Plaintiff's right to possession of the Subject Funds;

      H.      That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: December 1, 2020  
       Oyster Bay, New York

Respectfully submitted,

**CHALOS & CO, P.C.**

/s/ George M. Chalos  
George M. Chalos  
Bar ID 1011459  
55 Hamilton Ave,  
Oyster Bay, NY 11771  
Tel:    516-714-4300  
Fax:   516-750-9051  
Email: gmc@chaloslaw.com

*Attorneys for Plaintiff Nueva Seas AS*