# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

| | | |
|---|---|---|
| **Nueva Seas AS,** | : | Case No.: 1:20-cv-03495 |
| **Cort Adelers Gate 16 0254** | : | |
| **Oslo Norway** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | In Admiralty |
| | : | |
| **USD 179,092, held by Truist** | : | |
| **Bank,** *in rem*, | : | |
| **1369 Connecticut Ave NW** | : | |
| **Washington, D.C. 20036;** | : | |
| | : | |
| **XYZ Corporation; and** | : | |
| | : | |
| **John Does 1 -100,** | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------X

## DECLARATION OF GEORGE M. CHALOS, ESQ.

Pursuant to 28 U.S.C. §1746, this declaration is executed by George M. Chalos, Esq., counsel for the Plaintiff Nuevas Seas SA ("Plaintiff"), in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-captioned admiralty action, hereby declares under the penalty of perjury:

I am an attorney with the firm of Chalos & Co, P.C. and am admitted to practice in the District of Columbia.

I am familiar with the circumstances of the Verified Complaint, and I submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the Defendant *in rem*, USD 179,092, Defendant XYZ Corporation, and Defendants John Does 1-100 (hereinafter collectively referred to as "Defendants"), and in support of Plaintiff's request for attachment of property of Defendants, to wit, Defendants' bank

1

account(s) at Truist Bank, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

I have personally inquired or have directed inquiries into the presence of Defendants in this District.

Attorneys under my direction have engaged in a search of the office of the District of Columbia Secretary of State, using the Secretary of State's database, and have determined that, as of December 1, 2020, Defendants are not incorporated pursuant to the laws of the District of Columbia, have not registered to do business in the the District of Columbia, and have not nominated any agent for the service of process within the the District of Columbia.

Attorneys under my direction have engaged in a search of the Superpages telephone directory on the internet, and determined that there are no telephone listings or addresses for Defendants within this District.

Attorneys under my direction have engaged in a Google search as to whether Defendants can be located within this District. The Google search results did not provide any information that Defendants can be located in the District.

I am unaware of any general or managing agent(s) for Defendants within this District.

In that I have been able to determine that Defendants have not appointed an agent for service of process within the the District of Columbia and that I have found no indication that Defendants can be found within this District for the purposes of Rule B. I have formed a good faith belief based on the investigation of the attorneys under my direction that Defendants do not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

3

It is my belief, based upon an investigation performed by attorneys under my direction that Defendants cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: December 1, 2020
       Oyster Bay, New York

                              By:   /s/ George M. Chalos, Esq.
                                            George M. Chalos, Esq.