## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NUEVA SEAS AS,

    *Plaintiff,*

v.

                                                    Case No. 20-cv-3495 (RCL)

USD 179,092, held by Truist Bank,
XYZ CORPORATION,
JOHN DOES 1-100,

    *Defendants.*

## MEMORANDUM OPINION

On December 1, 2020, plaintiff Nueva Seas AS filed a complaint invoking the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333. ECF No. 1; *see* Fed. R. Civ. P. 9(h). When it filed the complaint, plaintiff simultaneously filed three *ex parte* motions: (1) a motion for an order authorizing issuance of process of maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B, ECF No. 3, (2) a motion for an order appointing a special process server for service of the process of maritime attachment and garnishment, ECF No. 5, and (3) a motion for a warrant of arrest pursuant to Supplemental Admiralty Rule D, ECF No. 4.

First, the Court will **GRANT IN PART** and **DENY IN PART** plaintiff's motion for an order authorizing issuance of process of maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B, ECF No. 3. Because it finds that plaintiff's verified complaint, ECF No. 1, and affidavit, ECF No. 1-7, appear to meet the requirements set forth in Supplemental Admiralty Rule B, the Court will **GRANT** plaintiff's request that the Court authorize process of attachment and garnishment. *See* Supp. Admiralty Rule B(1)(b). Yet the Court will **DENY** plaintiff's request that the issuance of process of maritime attachment and garnishment be served

1

via "facsimile transmission or other verifiable electronic means, including e-mail, to the garnishee." ECF No. 3-1. Plaintiff cites no authority for the proposition that a garnishee may be served with process of maritime attachment and garnishment via verifiable electronic means. *See generally* ECF No. 3. Nor can the Court find any authority. Accordingly, unless plaintiff can point to some authority in the Federal Rules of Civil Procedure or Supplemental Admiralty Rules allowing for electronic service of the process of maritime attachment and garnishment, the Court will not allow such method of process.

Second, although the Court will reject plaintiff's proposed *method* of serving process of maritime attachment and garnishment, it will appoint one of plaintiff's proposed *servers* of process. Pursuant to its authority under Supplemental Admiralty Rule B(1)(d)(ii), the Court will **GRANT IN PART** and **DENY IN PART** plaintiff's motion for an order appointing a special process server for service of the process of maritime attachment and garnishment, ECF No. 5. The Court will **GRANT** plaintiff's motion to the extent it requests that the Court appoint a member of plaintiff's counsel's firm, Chalos & Co., P.C., who is at least 18 years old and not a party to this suit as a special process server for service of the process of maritime attachment and garnishment, ECF No. 5. But it will **DENY** plaintiff's motion, ECF No. 5, to the extent plaintiff seeks to allow the Special Process Server to deliver to the garnishee a copy of the process of maritime attachment and garnishment and the Order of maritime attachment via "verifiable electronic means including but not limited to facsimile or e-mail." ECF No. 5-1. For the reasons explained above, the Court cannot find, nor has plaintiff provided any authority supporting, service via electronic means under these circumstances.

Finally, the Court will **GRANT IN PART** and **DENY IN PART** plaintiff's motion for a warrant of arrest pursuant to Supplemental Admiralty Rule D, ECF No. 4. It will **GRANT**

plaintiff's motion to the extent plaintiffs ask this Court to authorize the warrant of arrest of the $179,092 held by Truist Bank (1369 Connecticut Ave NW, Washington, D.C. 20036). But it will **DENY** plaintiff's motion with respect to plaintiff's requested method of notice to any adverse parties. Supplemental Admiralty Rule D provides that "[i]n all actions for possession, partition, and to try title . . . with respect to the possession of . . . other maritime property," "the process shall be by a warrant of arrest of the . . . other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties." Rule B(2) in turn authorizes notice via any manner authorized in Federal Rule of Civil Procedure 4 or any form of mail requiring a return receipt. *See* Supp. Admiralty Rule B(2). Plaintiff proposes that it will "provide immediate notice of the arrest of the [$179,092 held by Truist Bank] as fast as practicable through electronic service (electronic mail and facsimile delivery)." ECF No. 4-1. Yet plaintiff has not met its burden of showing that Federal Rule of Civil Procedure 4 authorizes electronic service in this matter. Thus, unless plaintiff provides such authority to the Court, the Court cannot authorize electronic service of the warrant of arrest.

For the reasons stated above, the Court will **GRANT IN PART** and **DENY IN PART** each of plaintiff's three motions, ECF Nos. 3, 4, & 5. Three separate Orders consistent with this Memorandum Opinion shall issue.

Date: December **3** , 2020

Hon. Royce C. Lamberth
United States District Judge

3